UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN CHITWOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR OF CALIFORNIA, COUNTY OF HUMBOLDT, et al.,<br><br>        Defendants. | Case No. 25-cv-03129-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 10, 13 |

Before the Court are motions to dismiss filed by Defendant Superior Court of California, County of Humboldt and Defendant John H. Kruger Plastering and Drywall. ECF Nos. 10, 13. The Court will grant the motions.

I.    **BACKGROUND**

The following factual allegations are taken from the operative complaint, ECF No. 8. On February 18, 2021, Plaintiff Ian Chitwood suffered a traumatic brain injury from a "mechanical fall," resulting in cognitive impairments that impact his daily functioning. *Id.* ¶ 9. In 2022, Chitwood's doctor diagnosed him with post-concussive syndrome, memory loss, and concentration difficulties. *Id.* ¶ 11. Chitwood also scored 22 on a Montreal Cognitive Assessment (MoCA), indicating mild cognitive impairment. *Id.*

Chitwood filed a personal injury action in the Superior Court for Humboldt County, Case No. CV2300243, against Kruger and other defendants. *See* ECF No. 8 at 54. In August 2024, Chitwood received discovery requests in that action. *Id.* at ¶ 12. He requested a variety of accommodations from the defendants and from the court, including additional time to respond to discovery requests and remote appearance for court proceedings. *Id.* Kruger agreed to Chitwood's first requested extension but denied Chitwood's subsequent requests. Kruger then

1    moved to compel production of documents. *Id.* ¶ 15. The court eventually sanctioned Chitwood

2    $2,470. *Id.* ¶ 19. The court also denied Chitwood's motion for a protective order and stated that

3    Chitwood's requests to extend deadlines were "beyond the normal scope of a[n] accommodations

4    request" and lacked "verifiable evidence to support . . . whether it's a disability issue." *Id.*

5        In March 2025, defendants in the state court action attempted to schedule Chitwood's

6    deposition, and Chitwood requested that they proceed by written questions as an accommodation

7    instead. Defendants rejected the request and threatened to file terminating sanctions. *Id.*

8        Chitwood filed the instant action on April 7, 2025. He filed a first amended complaint on

9    April 22, 2025, ECF No. 7, and a second amended complaint on April 25, 2025, ECF No. 8. He

10   asserts two causes of action: (1) violation by the Superior Court of Title II of the Americans with

11   Disabilities Act (ADA), 42 U.S.C. §§ 12131–12134, 28 C.F.R. Part 35; and (2) violation by

12   Kruger of Title V of the ADA, 42 U.S.C. § 12203.

13       On May 19, 2025, the County moved to dismiss. ECF No. 10. Chitwood opposes the

14   motion, ECF No. 11, and the County has filed a reply, ECF No. 14.

15       On June 4, 2025, Kruger moved to dismiss. ECF No. 13. Chitwood opposes the motion,

16   ECF No. 28-6, and Kruger has filed a reply, ECF No. 39.

17   **II.   LEGAL STANDARD**

18       **A.    Rule 12(b)(1)**

19       A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court.

20   *See* Fed R. Civ. P. 12(b)(1). If a plaintiff lacks Article III standing to bring a suit, the federal court

21   lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Cetacean*

22   *Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

23   **III.  DISCUSSION**

24       The County and Kruger challenge the Court's jurisdiction under Rule 12(b)(1) pursuant to

25   the Eleventh Amendment, the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, the

26   Anti-Injunction act, and judicial immunity. The County and Kruger also argue that Chitwood fails

27   to state an ADA claim under Rule 12(b)(6). Because the Court concludes that it lacks jurisdiction

28   under the *Younger* abstention doctrine, it does not address the parties' other arguments.

### A. Application of the Younger Abstention Doctrine

"In *Younger*, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1224–25 (9th Cir. 2023) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). "*Younger* abstention has been expanded to also cover civil enforcement actions and is appropriate when '(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Id.* (citing *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021)). "A federal court's exercise of *Younger* abstention does not turn on whether the federal plaintiff actually avails himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists . . . . [T]he burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [his] claims." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) ("*Herrera II*"). If the above four factors are met, the Court must then "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

The Court agrees that *Younger* abstention requires dismissal here. First, it is clear that state proceedings are ongoing; in fact, Chitwood has repeatedly moved in this Court to enjoin those proceedings. ECF Nos. 18, 29. Second, a state court has important interests "in enforcing its own orders on discovery, sanctions, and the like . . . , which further the regular management over its own proceedings, an important state interest." *Beck v. Super. Ct. of Cal., Cnty. of Orange*, No. 23-cv-0882-AGS-DDL, 2023 WL 5964753, at *2 (S.D. Cal. Sept. 13, 2023) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987)). Third, the state proceedings afford Chitwood adequate opportunity to raise the issues in this lawsuit, either through direct appeal or collateral state proceedings. *See E.T. v. George*, 681 F. Supp. 2d 1151, 1177 (E.D. Cal. 2010) ("[U]nder California law, one of the paramount responsibilities of state judicial officers is the assurance that

3

1  parties are provided with a fair trial. Therefore, plaintiffs have an alternative adequate opportunity
2  to press their federal claims.") And fourth, the practical effect of granting relief in this action
3  would require this Court to actively monitor and interfere with an ongoing state court proceeding.
4  Accordingly, the *Younger* abstention principle compels the Court to abstain from considering any
5  issues arising out of the underlying state proceedings. *See, e.g.*, *Beck*, 2023 WL 5964753, at *3
6  (defendant's ADA claims were "merely [a] *Younger*-style attack on the validity of the state court's
7  pretrial orders, masquerading as an ADA lawsuit").

8  Furthermore, no exception to *Younger* applies because there is no "showing of bad faith,
9  harassment, or some other extraordinary circumstance that would make abstention inappropriate."
10 *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). Chitwood
11 argues that Kruger's change in conduct "from cooperation to a campaign of harassment
12 immediately following Plaintiff's ADA accommodation request" supports an inference of bad
13 faith. ECF No. 28-6 at 8. But the "campaign of harassment" Chitwood alleges is merely refusing
14 to grant further extensions of discovery deadlines and moving to compel production of documents.
15 These actions do not amount to the extraordinary circumstances that would justify application of
16 an exception to *Younger*.

17 "When a case is one in which the *Younger* doctrine applies, the district court has no
18 discretion; it must dismiss." *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th
19 Cir. 1998). The Court find that the *Younger* abstention doctrine compels the Court's abstention
20 here and accordingly will dismiss.

21              **B.     Leave to Amend**

22 The decision of whether to grant leave to amend is "within the discretion of the district
23 court." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman*,
24 371 U.S. at 182). A district court may deny leave for many reasons, including "futility of
25 amendment." *Id.* Because this action is barred by *Younger* abstention, the Court finds amendment
26 would be futile and accordingly dismisses the complaint without leave to amend. *See Chaset v.*
27 *Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("Because any amendment would be
28 futile, there is no need to prolong the litigation by permitting further amendment."); *Saul v. United*

4

*States*, 928 F.2d 829, 843 (9th Cir. 1991) (affirming denial of leave to amend "where the amendment would be futile or where the amended complaint would be subject to dismissal").

## CONCLUSION

For the foregoing reasons, the Court grants the instant motions, ECF Nos. 10, 13, and dismisses the action with prejudice. The Court denies as moot Chitwood's motion for preliminary injunction, ECF No. 18. The Clerk of the Court shall enter judgment and close the case file.

**IT IS SO ORDERED.**

Dated: September 9, 2025



JON S. TIGAR
United States District Judge